# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERON N. LYNCH,<br><br>        Plaintiff,<br><br>    v.<br><br>J ST. CLAIR, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:09-cv-1114-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 11)<br><br>CLERK SHALL CLOSE THE CASE |

Plaintiff Theron N. Lynch ("Plaintiff") is a state prisoner proceeding pro se in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to Magistrate Judge jurisdiction on July 7, 2009 and no other parties have appeared.  (ECF No. 7.)

On March 4, 2010, the Court dismissed Plaintiff's original Complaint for failure to state a claim. (ECF No. 10.)  Plaintiff filed his First Amended Complaint on April 9, 2010, and that Complaint is now before the Court for screening.  (ECF No. 11.)

I.    **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

-1-

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II.     PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's Amended Complaint consists of a half page of factual allegations. He names only one Defendant, a Dr. Moore.

Plaintiff alleges as follows:

On October 12, 2006, Plaintiff made an appointment with Defendant Moore, staff

psychologist at the Sierra Conservation Center, because of nightmares Plaintiff had after watching a television program which showed how African-Americans were abused by white Americans. Plaintiff was upset by this program, and wanted to talk to Defendant Moore in order to deal with the past, since he had lived through a period of time when African-Americans were abused by white Americans. Instead of treating Plaintiff, Defendant Moore gave "an uneducated racist sermon on the advancement of the [A]frican-[A]merican." Plaintiff found this speech to be racist and discriminatory. Plaintiff alleges that he was provided with inadequate medical care.

### III. ANALYSIS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

The Court's March 4, 2010, Screening Order informed Plaintiff of the standard for bringing a prison medical care claim under the Eighth Amendment. (ECF No. 10.) "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must

show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Here, Plaintiff has again failed to allege facts indicating that Defendant Moore subjected Plaintiff to medical care that was so inadequate as to violate the Eighth Amendment. Plaintiff does not allege that he suffered from a serious medical condition, nor does he allege facts that indicate that Defendant Moore acted with deliberate indifference. Simply because Plaintiff was offended by Defendant Moore does not subject Defendant Moore to liability. Plaintiff needed to allege facts indicating that he was injured by Defendant Moore's conduct, which he has failed to do.

The facts alleged by Plaintiff indicate that Defendant Moore did respond to Plaintiff's mental needs. Although Plaintiff might have seen the treatment to be inappropriate, Plaintiff cannot prevail on a Section 1983 where only the quality of the treatment is subject to dispute. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Differences of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a Section 1983 claim. Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981) (citing Mayfield v. Craven, 433 F2d 873, 874 (9th Cir. 1970)).

Plaintiff's only claim is for inadequate medical care, and Plaintiff has failed to satisfy both elements required for such a claim. Plaintiff has therefore failed to state a claim in his Amended Complaint. The Court previously provided Plaintiff the relevant legal standard as well as significant guidance as to what facts needed to be included in his amended complaint in order to satisfy this standard. Plaintiff's Amended Complaint contains <u>less</u> facts than were in his original Complaint. Thus, the Court finds that further leave to amend is not warranted.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim. The Clerk shall close the case.

IT IS SO ORDERED.

Dated:  August 21, 2011          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE